IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rennie McManus-McCoy, | |
|         Plaintiff, | |
|     v. | **COMPLAINT OF PLAINTIFF** |
| Coker University, | |
|         Defendant. | |

## *INTRODUCTION*

Plaintiff Rennie McManus-McCoy, by and through her undersigned counsel, hereby brings the Causes of Action of Race Discrimination in Violation of 42 U.S.C. § 1981, Breach of Contract, and Breach of Contract Accompanied by a Fraudulent Act against the Coker University ("Defendant") based on the following allegations:

## *JURISDICTION AND VENUE*

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 1981 and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

2. Venue is proper in the Florence Division, because the causes of action arose therein, the acts and practices complained of occurred there, and it is where Defendants do business and may be found.

## PARTIES

3. Plaintiff Rennie McManus-McCoy is a citizen of the State of South Carolina and resides in Darlington County within this judicial district.

4. Defendant Coker University is a private non-profit educational institution within the State of South Carolina within this judicial district.

## STATEMENT OF FACTS

5. Plaintiff worked for Defendant Coker University as Director of Student Support Services.

6. Plaintiff performed her job in an exemplary manner at all times.

7. As the Director of Student Support Services, Plaintiff was in charge of managing the Carryforward Fund, which helped fund services for students.

8. Plaintiff was supervised by Katheryn Flaherty (WF) until October of 2023, when her supervisor became Samantha Hoyt (WF).

9. Upon information and belief, Defendant, by and through the action(s) of Ms. Hoyt, began a pattern and practice of undermining Plaintiff, including removing Plaintiff's control of the budget for the Carryforward Fund; which the Director of Student Support Services traditionally managed per the grant's guidelines prescribed by the U.S. Department of Education.

10. Upon information and belief, Defendant disregarded the needs and requirements of the grant for the Carryforward Fund. When Plaintiff informed them of the grant requirements, Defendant continued with actions and practices entirely contrary to the prescribed guidelines.

In response to Plaintiff's complaint regarding these substantive policy violations, Defendant began to actively retaliate against Plaintiff.

11. Plaintiff, at that time, properly escalated the situation by reporting her concerns regarding improper use of the Carryforward Fund up the chain of command; to include to the Human Resources Dept. and the Vice President of Finance.

12. Defendant generally, and more directly through the actions of Ms. Hoyt, retaliated against Plaintiff by routinely and consistently harassing her..

13. On or about November 7, 2023, Plaintiff was placed on a pretextual Performance Improvement Plan (PIP).

14. Upon information and belief, from Plaintiff's hire date, on or about October 17, 2022, until approximately 3-4 weeks prior to Plaintiff's placement on a PIP (November 7, 2023), Defendant neither complained nor took issue with the quality of Plaintiff's work, nor questioned Plaintiff's exercise of professional judgment within the scope of her employ, nor took written or verbal disciplinary action of any kind against Plaintiff.

15. Despite Defendant's failure to provide Plaintiff with clear direction on projects, and in the absence of any evaluation to the contrary, Plaintiff's job performance presumably met or exceeded the expectations and requirements of her position.

16. On November 8, 2023, during a Human Resources (HR) meeting, Defendant accused Plaintiff of being more concerned about spending money than her students.

17. On or around December 8, 2023, Plaintiff initiated steps for requesting FMLA leave due to personal health issue; and she was to submit paperwork on or before December 27, 2023.

18. However, Plaintiff was terminated on December 14, 2023; although her PIP was not scheduled for completion until February 7, 2024.

19. Rather than being given an opportunity to complete the plan, Plaintiff was instead pretextually terminated for alleged performance concerns.

20. Plaintiff maintains she was terminated in retaliation for questioning Defendant's use of the Carryforward Fund.

### FIRST CAUSE OF ACTION
### Race Discrimination/Hostile Work Environment in Violation of 42 USC § 1981

21. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated herein verbatim.

22. Plaintiff is a member of a protected class on the basis of her race (African American).

23. Plaintiff alleges Defendant, through its agents, initiated discriminatory practices against Plaintiff based upon her race.

24. Plaintiff was subjected to disparate treatment and a hostile work environment on the basis of her race; resulting from Defendant, and Defendant's agents, racially hostile treatment towards her in violation of 42 USC § 1981.

25. Defendant, by and through its agents, began a pattern and practice of targeting Plaintiff through systemic race-based harassment, and disregard of her complaints of race discrimination. Plaintiff's similarly-situated Caucasian colleagues were not subjected to such

treatment, and Defendant made no efforts to protect Plaintiff from the routine and consistent harassment of Samantha Hoyt.

26. Plaintiff alleges that this racially hostile treatment on the job was continuous, and occurred on a near daily basis.

27. Defendant promised that Plaintiff's protected complaints would be addressed; but failed to follow-through on that promise in any substantive or meaningful way.

28. Further, Plaintiff alleges that Defendant, through its agents, initiated discriminatory and hostile practices against Plaintiff that were reckless and wanton including:

    a. Continuing to permit Samantha Hoyt's unwarranted and consistent harassment of Plaintiff;

    b. Failing to provide Plaintiff instruction and/or direction regarding the requirements and tasks within the scope of her employ;

    c. Failing to evaluate or provide any constructive feedback regarding job performance prior to Plaintiff's protected complaint of policy violations involving the Carryforward fund; and

    d. Continuing these hostile and egregious practices while Plaintiff's similarly-situated Caucasian colleagues were exempt from such treatment.

29. By knowingly allowing such objectively and subjectively pervasive racial hostility to exist, Defendant effectively created and condoned the same; and Plaintiff suffered considerable injury as a consequence.

30. Further, Defendant retaliated against Plaintiff for complaining of this racially discriminatory hostility via its disparate and adverse treatment of Plaintiff; and in favor of her less qualified, similarly-situated Caucasian colleagues.

31. By failing to protect Plaintiff from racial hostility, harassment, and retaliation, Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights set out under 42 USC § 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 USC § 2000e et. seq.), the South Carolina Human Affairs Law, and the United States Equal Employment Opportunity Laws.

32. As a result of Defendant's racially discriminatory actions, accompanied by Plaintiff's continuous and ongoing exposure to same, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff further believes a reasonable amount of punitive damages should be levied against Defendant due to its unlawful treatment of Plaintiff.

**<u>SECOND CAUSE OF ACTION</u>**
*Breach of Contract*

33. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated herein verbatim.

34. Plaintiff and Defendant entered into a valid and binding contract; whereby Plaintiff was offered employment as Director of Student Services with Coker University.

35. Plaintiff accepted this offer and agreed to fulfill the duties of that position in exchange for valuable consideration.

36. Plaintiff performed her duties admirably, with due diligence, and without incident throughout the term of her employment.

37. Defendant maintains written policies in its handbook promising to act in accordance with the policies stated therein.

38. Further, Defendant's handbook provides express assurances that Plaintiff would not be subject to retaliation for having "opposed or reported any unlawful act or practice."

39. Plaintiff relied on those assurances when she informed her immediate supervisors, and later the Human Resources Dept. of Defendant's organization, as well as the Vice President of Finance, of what appeared to be unlawful practices.

40. Shortly thereafter, Plaintiff was subjected to retaliatory conduct by Defendant for reporting said unlawful practices.

41. Defendant, by and through its agents, denied and/or severely limited Plaintiff's authority to exercise sound professional judgment and discretion on matters well within the parameters of her job description; and as stated in Defendant's handbook.

42. As a direct and proximate consequence of Defendant's breaches of its own policies, the express assurances provided in its handbook, regulations governing the Carryforward Fund, and the binding contract established with Plaintiff, Plaintiff has been maligned, and has suffered damages including loss of sleep, mental anguish, emotional pain and suffering, and other compensatory, actual, and special damages due to the conduct, actions, and/or inaction of Defendant.

### THIRD CAUSE OF ACTION
*Breach of Contract with Fraudulent Intent*

43. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated herein verbatim.

44. Defendant, by and through its agents, failed to fulfill the obligations expressly and impliedly stated in its own written policies and handbook. Said failures, including the above-referenced anti-discrimination and anti-harassment policies, which taken together with their promissory and mandatory terms, form a contract with Plaintiff beyond the at-will employment relationship.

45. Defendant, by and through its agents, breached the terms of said contract when it, by intentional design and scheme, terminated Plaintiff on the pretextual and fraudulent basis of poor job performance.

46. Prior to Plaintiff's termination, and in furtherance of its fraudulent scheme, Defendant intentionally and maliciously permitted Plaintiff to be continuously subjected to an extreme and pervasive environment of racial harassment and disparate treatment; while simultaneously assuring Plaintiff's protection from the same.

47. Defendant's assurances, while continuing to permit Plaintiff's subjection to racially disparate treatment, harassment, and other policy violations, made it readily apparent that Defendant's express and/or implied intentions were fraudulent.

48. Defendant's conduct, by and through its agents, was carried out in bad faith, and it breached the implied covenant of good faith and fair dealings implied in its employment contract with Plaintiff.

49. As a direct and proximate consequence of Defendant's fraudulent breaches of contract, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Further, Plaintiff believes a reasonable amount of punitive damages should be levied against Defendant as punishment for the fraudulent breach(es) of its valid employment contract with Plaintiff.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays that this Honorable Court declare that the herein complained of actions of Defendant violated the rights guaranteed to Plaintiff, and issue its judgment as follows:

I. Declaring the herein complained of actions illegal;

II. Issuing an injunction enjoining Defendant, its agents, employees, successors, attorneys and those acting in concert with, and/or at the direction of Defendant, from engaging in the unlawful practices set forth herein, and from any other employment practices shown to be in violation of 42 USC § 1981 (race discrimination / racially hostile work environment / retaliation), breach of contract, and breach of contract accompanied by a fraudulent act, and the common laws of the State of South Carolina;

III. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate; which Plaintiff believes the jury will find appropriate as a result of Defendant's unlawful discriminatory actions against Plaintiff based upon her race, and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

IV. Award of Plaintiff's costs and expenses incurred in bringing this action, including reasonable attorney fees, and other litigation expenses; and

V. Granting such other and further relief as may be necessary to afford complete relief to Plaintiff, and as this Honorable Court deems just and proper.

Respectfully Submitted,

__s/Donald Gist_____
Donald Gist, Esq. (Fed. ID# 7178)
Erica McCrea, Esq. (Fed. ID# 13493)

***GIST LAW FIRM, P.A.***
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
ericamccrea.gistlawfirm@gmail.com

May 6, 2024