UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RENNIE McMANUS-McCOY, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> ) <br> COKER UNIVERSITY, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 4:24-cv-2860-JD-TER <br><br><br> **REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

This action arises from Plaintiff's employment with Defendant.  Plaintiff alleges claims for race discrimination and hostile work environment based on race in violation of 42 U.S.C. § 1981, as well as state law claims for breach of contract and breach of contract with fraudulent intent. Presently before the Court is Defendant's Motion to Dismiss (ECF No. 6).  Plaintiff filed a Response (ECF No. 8), and Defendant filed a Reply (ECF No. 9).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC.  This report and recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS

Plaintiff, an African-American female, worked for Defendant as Director of Student Support Services, and performed her job in an exemplary manner at all times.  Compl. ¶¶ 5-6, 22 (ECF No. 1).  As the Director of Support Services, Plaintiff was in charge of managing the Carryforward Fund, which helped fund services for students.  Compl. ¶ 7. Plaintiff was supervised by Katheryn Flaherty, a white female, until October of 2023, when her supervisor became Samantha Hoyt, also a white

female. Comp. ¶ 8. Hoyt began a pattern and practice of undermining Plaintiff, including removing Plaintiff's control of the budget for the Carryforward Fund, which the Director of Student Support Services traditionally managed per the grant's guidelines prescribed by the U.S. Department of Education. Compl. ¶ 9. Defendant disregarded the requirements of the grant for the Carryforward Fund, though Plaintiff informed them of the grant requirements. Compl. ¶¶ 10. In response to Plaintiff's complaint regarding these substantive policy violations, Defendant began to retaliate against Plaintiff. Plaintiff then reported her concerns regarding improper use of the Carryforward Fund up the chain of command, to include the Human Resources Department and the Vice President of Finance. Compl. ¶ 11. Hoyt retaliated against Plaintiff by routinely and consistently harassing her. Compl. ¶ 12.

On November 7, 2023, Plaintiff was placed on a Performance Improvement Plan (PIP), even though from Plaintiff's date of hire on October 22, 2022, until approximately three or four weeks prior to the PIP, Defendant never complained or otherwise took issue with the quality of Plaintiff's work. Compl. ¶ 14. On November 8, 2023, during a Human Resources meeting, Defendant accused Plaintiff of being more concerned with spending money that her students. Compl. ¶ 16.

On December 8, 2023, Plaintiff initiated steps for requesting leave under the Family Medical Leave Act (FMLA) due to a personal health issue, and she was to submit her paperwork on or before December 27, 2023. Compl. ¶ 17. However, Plaintiff was terminated on December 14, 2023, although her PIP was not scheduled for completion until February 7, 2024. Compl. ¶ 18.

"Plaintiff maintains she was terminated in retaliation for questioning Defendant's use of the Carryforward Fund." Compl. ¶ 20. She filed the present action on May 6, 2024.

### III.   STANDARD OF REVIEW

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). A

Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**IV.     DISCUSSION**

Defendant first argues that Plaintiff fails to sufficiently state a claim for race discrimination or hostile work environment under 42 U.S.C. § 1981. "Section 1981 guarantees to all persons in the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1017 (4th Cir. 1999) (quoting 42 U.S.C. § 1981(a)). To succeed on a § 1981 claim, "[a] plaintiff must initially plead and ultimately prove that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right."

Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020). The complaint contains no factual allegations that Plaintiff's employment was terminated or that she was treated differently because of her race. Rather, she alleges that she was mistreated because she disagreed with the University over how it was handling a grant. She specifically alleges, "In response to Plaintiff's complaint regarding these substantive policy violations, Defendant began to actively retaliate against Plaintiff," Compl. ¶ 10, and "Plaintiff maintains she was terminated in retaliation for questioning Defendant's use of the Carryforward Fund." Compl. ¶ 20. In fact, Plaintiff's race is never even mentioned within the complaint's "Statement of Facts." Though she later alleges that "Defendant, by and through its agents, began a pattern and practice of targeting Plaintiff through systemic race-based harassment, and disregard of her complaints of race discrimination. Plaintiff's similarly-situated Caucasian colleagues were not subjected to such treatment," Compl. ¶ 25, these legal conclusions are neither supported by the factual allegations, nor are they sufficient to give rise to a plausible claim for relief. As stated above, the complaint must contain sufficient factual matter to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 677-78 (quoting Twombly, 550 U.S. at 570); see, e.g., Baucom v. Novant Health, Inc., No. 3:22-cv-0662-FDW-SCR, 2023 WL 3855054, at *6 (W.D.N.C. June 6, 2023) (granting motion to dismiss where the plaintiff did not allege facts sufficient to show that her employer would not have terminated her employment but for her race); Smith v. Epiq Glob. Bus. Transformation Sols., LLC, No. 3:23-cv-0105-FDW-DCK, 2024 WL 3682223, at *3 (W.D.N.C. Aug. 6, 2024) (granting motion to dismiss and stating "Plaintiff does not plead any facts suggesting her treatment or subsequent termination was driven by race, aside from the conclusory allegation "Defendant's discrimination against Plaintiff and termination of her employment was motivated by her race"); Deberry v. Davis,

No. 1:08-cv-582, 2010 WL 1610430, at *4 (M.D.N.C. Apr. 19, 2010) (noting that "even at the pleading stage, 'a § 1981 discrimination claim [will be deemed] deficient ... [if it only] conclusorily states that the defendants violated § 1981 because race was a motivating factor in [the defendants' refusal to make or enforce a contract with the plaintiff]'") (citing Jordan v. Alternative Resources Corp., 458 F.3d 332, 345 (4th Cir.2006)).

For the same reasons, Plaintiff fails to allege facts sufficient to state a claim for a hostile work environment based on her race. There are no factual allegations that any alleged harassment Plaintiff received was because of her race. Furthermore, she fails to allege facts sufficient to show that she was subjected to treatment that rose to the level of a hostile work environment. A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). The Complaint does not contain "a single utterance, action, or comment related to her . . . race, let alone an utterance or act of such severity to rise to the level of a colorable claim." Hill v. Panetta, No. 1:12-CV-350, 2012 WL 12871178, at *9 (E.D. Va. Oct. 4, 2012). She alleges that Hoyt began "a pattern and practice of undermining Plaintiff," and "retaliated against Plaintiff by routinely and consistently harassing her." Compl. ¶¶ 9, 12. However, these factual allegations are not connected to her race, nor do they provide sufficient factual matter to plausibly allege that Plaintiff's work environment was "permeated with discriminatory intimidation, ridicule, [or] insult." Harris, 510 U.S. at 21. Though Plaintiff refers to "race-based harassment," "pervasive racial hostility," and "racially discriminatory hostility," Compl. ¶¶ 25, 29, 30, these "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570), are insufficient to state a claim for hostile work environment based on race. Accordingly,

dismissal of Plaintiff's § 1981 claim is appropriate.[1]

Defendant also moves for dismissal of Plaintiff's breach of contract and breach of contract with fraudulent intent claims. Plaintiff alleges that she entered into a valid and binding contract with Defendant, "whereby Plaintiff was offered employment as Director of Student Services with Coker University" and Plaintiff accepted this offer and agreed to fulfill the duties of that position in exchange for valuable consideration." Compl. ¶¶ 34-35. She also alleges that Defendant's handbook provides express assurances that Plaintiff would not be subject to retaliation for having opposed or reported any unlawful act or practice. Compl. ¶ 39. Plaintiff alleges that Defendant's "anti-discrimination and anti-harassment policies, which taken together with their promissory and mandatory terms, form a contract with Plaintiff beyond the at-will employment relationship." Compl. ¶ 44.

Both breach of contract and breach of contract with fraudulent intent claims require the existence of a contract. See Consignment Sales, LLC v. Tucker Oil Co., 391 S.C. 266, 271, 705 S.E.2d 73, 76 (Ct. App. 2010); Conner v. City of Forest Acres, 348 S.C. 454, 465–66, 560 S.E.2d 606, 612 (2002). However, South Carolina has long followed the doctrine of employment at-will.

---

[1] Plaintiff entitled her first cause of action as "Race Discrimination/Hostile Work Environment in violation of 42 USC § 1981." Though she does not specifically allege a cause of action for retaliation under § 1981, she mentions it within her first cause of action. See Compl. ¶ 30, 31. Even assuming Plaintiff raised a retaliation claim under § 1981 in her complaint, she fails to plausibly allege such a claim. "[T]o state a § 1981 retaliation claim, a plaintiff must allege facts rendering it plausible that, but for her participation in protected activity, she would not have suffered a materially adverse action." Ali v. BC Architects Eng'rs, PLC, 832 F. App'x 167, 172-73 (4th Cir. 2020)(citing Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 217–18 (4th Cir. 2016)). Plaintiff's allegations fail to allege that "but for" her complaints of race discrimination, she would not have been subjected to a hostile work environment or terminated. She specifically alleges that "[i]n response to Plaintiff's complaint regarding these substantive policy violations, Defendant began to actively retaliate against Plaintiff," and "Plaintiff maintains she was terminated in violation for questioning Defendant's use of the Carryforward Fund." Compl. ¶¶ 10, 20. Because Plaintiff alleges reasons why Defendant retaliated against her other than her complaints of race discrimination, that cannot be the "but for" cause of the retaliation. Thus, any retaliation claim alleged by Plaintiff should be dismissed as well.

Mathis v. Brown & Brown of S.C., Inc., 698 S.E.2d 773, 778 (S.C. 2010). Generally, an at-will employee may be terminated with or without cause. Stiles v. Am. Gen. Life Ins. Co., 516 S.E.2d 449, 450 (S.C. 1999). "Because employment is presumed to be at-will, in order to survive a motion to dismiss on a claim for breach of contract of employment, a plaintiff must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship." Brailsford v. Fresenius Med. Ctr. CNA Kidney Ctrs. LLC, No. 2:15-CV-4012-DCN, 2017 WL 1214337 at *16–17 (D.S.C. April 3, 2017). "[G]eneral and conclusory allegations are not sufficient to establish the existence of an employment contract." Nicholson v. Science Applications Int'l Corp., C.A. No. 2:12–2779–PMD–BM, 2012 WL 6568399, at *2 (D.S.C. Nov. 27, 2012), adopted by 2012 WL 6588635 (D.S.C. Dec. 17, 2012). This requires pleading that the employee and employer entered into a contract "with terms of employment that limited the duration of the relationship or the right of termination or both." Weaver v. John Lucas Tree Expert Co., No. 2:13-cv-1698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013); see also Petrosyan v. Delfin Grp. U.S.A., LLC, No. 2:13-cv-2990-PMD, 2015 WL 685266, at *11 (D.S.C. Feb. 18, 2015) ("[T]o establish that [Plaintiff] had a 'contract' of employment with the Defendant, Plaintiff needs to show that he and the Defendant entered into mandatory and binding terms for his employment such as a definite term of employment, buyout provisions, right to severance pay, and other such indices of a contract of employment."). As set forth above, Plaintiff alleges that she entered into a binding contract with Defendant to fulfill the duties of Director of Student Services position in exchange for valuable consideration. There are no allegations that a contract existed that limited the duration of the employment relationship or altered the right of termination.

Rather, Plaintiff alleges that the "anti-discrimination and anti-harassment policies, which taken together with their promissory and mandatory terms, form a contract with Plaintiff beyond the

at-will employment relationship." Compl. ¶ 44. An employee handbook can alter an employee's at-will status and give rise to a breach of contract claim if the policy statements within the handbook are "definitive in nature, promising specific treatment in specific situations." Hessenthaler v. Tri-Cnty. Sister Help, Inc., 365 S.C. 101, 110, 616 S.E.2d 694, 698 (2005). However, courts have routinely held that anti-retaliation policies cannot sustain a breach of contract claim. King v. Marriott Int'l, Inc., 520 F. Supp. 2d 748, 756–57 (D.S.C. 2007), aff'd, 267 F. App'x 301 (4th Cir. 2008) ("Marriott's promise that 'there will be no discrimination or recrimination' against an employee who asserts a complaint against the Company does not create an expectation that employment is guaranteed or that a particular process must be complied with before an employee is terminated."); Washington v. Boeing Co., Inc., No. CV 2:20-1144-RMG, 2021 WL 129261, at *3 (D.S.C. Jan. 14, 2021) (dismissing breach of contract and breach of contract with fraudulent intent claims that were based on "standard anti-discrimination and non-retaliation provisions"); Brailsford, 2017 WL 1214337, at *7 (dismissing a breach of contract claim because plaintiff's general and conclusory allegations were not sufficient to establish the existence of an employment contract: "The fact that an employer is obligated to protect employees from harassment or investigate workplace incidents has little to do with the employer's obligation to maintain the employment relationship."); Dickerson v. NHC Healthcare-Charleston, LLC, No. 221CV02170DCNMGB, 2021 WL 11427094, at *10 (D.S.C. Sept. 13, 2021), report and recommendation adopted, No. 2:21-CV-2170 DCN MGB, 2021 WL 11427108 (D.S.C. Oct. 4, 2021) (dismissing Plaintiffs' claims for breach of contract and breach of contract with fraudulent intent; "Plaintiff's reliance on the handbook's alleged 'anti-discrimination and anti-harassment policies' and 'workplace conduct policy' . . . without more, does not provide sufficient facts to overcome the at-will employment presumption."). In accordance with these cases, Plaintiff's allegations that a contract of employment existed that altered the presumptive at-will

employment relationship because of anti-discrimination and anti-retaliation provisions are insufficient to allege claims for breach of contract and breach of contract with fraudulent intent in the employment context. Therefore, dismissal of these causes of action is proper.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (ECF No. 6) be granted and this case be dismissed in its entirety.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 9, 2024  
Florence, South Carolina