IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Rennie McManus-McCoy, | ) | Case No.: 4:24-cv-2860-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Coker University, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 11), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Defendant Coker University's ("Defendant") Motion to Dismiss (DE 6) Plaintiff Rennie McManus-McCoy's ("Plaintiff" or "McManus-McCoy") Complaint.[1]

**A. Background**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary taken as true from the Complaint.

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff, an African-American female, worked for Defendant as Director of Student Support Services and performed her job in an exemplary manner at all times. (DE 1, ¶¶ 5-6, 22.)  As the Director of Support Services, Plaintiff managed the Carryforward Fund, which helped fund services for students. (DE 1, ¶ 7.)  Plaintiff was supervised by Katheryn Flaherty, a white female, until October 2023, when her supervisor became Samantha Hoyt, also a white female. (*Id.* ¶ 8.)  Hoyt began a pattern and practice of undermining Plaintiff, including removing Plaintiff's control of the budget for the Carryforward Fund, which the Director of Student Support Services traditionally managed per the grant's guidelines prescribed by the U.S. Department of Education. (*Id.* ¶ 9.)  Defendant disregarded the grant requirements for the Carryforward Fund, though Plaintiff informed them of the grant requirements. (*Id.* ¶¶ 10.)  In response to Plaintiff's complaint on these substantive policy violations, Defendant retaliated against Plaintiff. Plaintiff then reported her concerns about the improper use of the Carryforward Fund up the chain of command, including the Human Resources Department and the Vice President of Finance. (*Id.* ¶ 11.)  Hoyt retaliated against Plaintiff by routinely and consistently harassing her. (*Id.* ¶ 12.)

On November 7, 2023, Plaintiff was placed on a Performance Improvement Plan (PIP), even though from Plaintiff's date of hire on October 22, 2022, until about three or four weeks before the PIP, Defendant never complained or otherwise questioned the quality of Plaintiff's work. (*Id.* ¶ 14.) On November 8, 2023, during a

Human Resources meeting, Defendant accused Plaintiff of being more concerned with spending money than her students. (*Id.* ¶ 16.)

On December 8, 2023, Plaintiff initiated steps for requesting leave under the Family Medical Leave Act (FMLA) because of a personal health issue, and she was to submit her paperwork on or before December 27, 2023. (*Id.* ¶ 17.) However, Plaintiff was terminated on December 14, 2023, although her PIP was not scheduled for completion until February 7, 2024. (*Id.* ¶ 18.)

"Plaintiff maintains she was terminated in retaliation for questioning Defendant's use of the Carryforward Fund." (*Id.* ¶ 20.) On May 6, 2024, Plaintiff sued Coker University, alleging Race Discrimination/Hostile Work Environment in Violation of 42 USC § 1981, Breach of Contract, and Breach of Contract with Fraudulent Intent. (DE 1.) Defendant moves to dismiss Plaintiff's Complaint because it fails to state a claim on which relief can be granted. (DE 6.)

### B. Report and Recommendation

On September 9, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed. (DE 11.) The Report made these findings:

(1)  "The complaint contains no factual allegations that Plaintiff's employment was terminated or that she was treated differently because of her race."

(2)  "There are no factual allegations that any alleged harassment Plaintiff received was because of her race. Furthermore, she fails to allege facts sufficient to show that she was subjected to treatment that rose to the level of a hostile work environment."

(3)  "Plaintiff alleges that she entered into a binding contract with Defendant to fulfill the duties of Director of Student Services position in exchange for valuable consideration. There are no allegations that a

3

> contract existed that limited the duration of the employment relationship or altered the right of termination."

(*Id.* at 4-5, 7.) The Report also noted that,

> Plaintiff entitled her first cause of action as "Race Discrimination/Hostile Work Environment in violation of 42 USC § 1981." Though she does not specifically allege a cause of action for retaliation under § 1981, she mentions it within her first cause of action. *See* Compl. ¶ 30, 31. Even assuming Plaintiff raised a retaliation claim under § 1981 in her complaint, she fails to plausibly allege such a claim. "[T]o state a § 1981 retaliation claim, a plaintiff must allege facts rendering it plausible that, but for her participation in protected activity, she would not have suffered a materially adverse action." *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 172-73 (4th Cir. 2020)(citing *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217–18 (4th Cir. 2016)). Plaintiff's allegations fail to allege that "but for" her complaints of race discrimination, she would not have been subjected to a hostile work environment or terminated. . . . Because Plaintiff alleges reasons why Defendant retaliated against her other than her complaints of race discrimination, that cannot be the "but for" cause of the retaliation.

(*Id.* at n 1.) On September 13, 2024, Plaintiff objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the

4

absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Although Plaintiff objects to the Report, arguing that "paragraphs 21-32 of the factual allegations . . . allows the Court to clearly understand the nature of the well-pled complaint in its entirety[,]" nevertheless, Plaintiff does not identify any facts that refute the deficiencies in the Complaint identified in the Report. Instead, Plaintiff asserts, among other things, that,

1. As stated above, the Causes of Action show that Plaintiff intends to show Race Discrimination in paragraphs 21-32 and that Defendant was clearly on notice of the Race Discrimination allegations and suffers no prejudice therefrom.

2. That the reviewing Court should allow Plaintiff leave to amend its complaint under Race Discrimination and Hostile Work Environment with more definite factual allegations.

(DE 12 at 3.) To the extent that Plaintiff objects to the Report, the Court finds Plaintiff has failed to state a claim for relief under her Section 1981 and breach of contract claims, so the objection is overruled.

That said, the Court recognizes the defects in Plaintiff's Section 1981 claims can be corrected. Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend a pleading should be given freely when justice so requires, "[t]he law is well-settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d

5

231, 242 (4th Cir. 1999) (internal quotation marks and citations omitted). Putting aside the procedural irregularity of Plaintiff's request to amend, the Court nevertheless is inclined to allow an amendment on Plaintiff's Section 1981 claims.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 11) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint alleging Race Discrimination/Hostile Work Environment in Violation of 42 USC § 1981, Breach of Contract, and Breach of Contract with Fraudulent Intent is dismissed. At the same time, the Court grants Plaintiff 10 days leave to amend her Section 1981 cause of action.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 6, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6