IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rennie McManus-McCoy, | ) | Case No.: 4:24-cv-02860-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Coker University, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 34) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendant Coker University's Motion to Dismiss (DE 25).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

According to the Complaint (DE 17), Plaintiff, an African-American female, was employed by Defendant as the Project Director of the Student Support Services Program. (DE 17 ¶¶ 5–6, 22.) In this role, she managed funds associated with a U.S. Department of Education grant, including the Carryforward Fund, and ensured compliance with federal grant requirements. (DE 17 ¶¶ 7–10.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Initially, Plaintiff reported to Katheryn Flaherty, a white female, and beginning in September 2023, she was supervised by Samantha Hoyt, also a white female. (DE 17 ¶¶ 11–12.) Plaintiff maintains that prior to this supervisory change, she had an unblemished employment record, free from any disciplinary actions. (DE 17 ¶ 14.)

Plaintiff alleges that Hoyt quickly exhibited racially motivated hostility, including making repeated racially insensitive remarks and questioning Plaintiff's competence based on race. (DE 17 ¶¶ 15–16.) Within weeks of assuming her role, Hoyt allegedly began undermining Plaintiff's authority and pressuring her to violate grant guidelines. (DE 17 ¶¶ 18–19.) Plaintiff recounts an incident in which Hoyt stated—publicly and in the presence of Caucasian colleagues—that she did not trust Plaintiff to manage grant funds due to her race. (DE 17 ¶ 20.) Hoyt's conduct allegedly impeded Plaintiff's ability to manage the grant and subjected her to scrutiny and restrictions not imposed on similarly situated white employees. (DE 17 ¶¶ 21–23.)

Plaintiff reported these concerns to Vice President Flaherty, raising issues of racial disparity in executive leadership and noting that she was the third African-American female to hold her position within four years. Despite these reports, Plaintiff contends her complaints were ignored. (DE 17 ¶ 24.) She alleges subsequent retaliation by Hoyt, including verbal abuse in front of Human Resources staff and being placed on a Performance Improvement Plan ("PIP") shortly after lodging her complaints. (DE 17 ¶¶ 26, 30.)

Plaintiff further alleges that Hoyt continued to demand that she violate grant requirements and rebuked her when she refused. (DE 17 ¶¶ 28, 32.) Plaintiff reported these actions to Human Resources on November 6 and again on November 13, 2023. (DE 17 ¶¶ 29, 34.) On December 8, 2023, Plaintiff requested FMLA leave due to a personal health issue. (DE 17 ¶ 35.) Nevertheless, on December 14, 2023—before the completion of her PIP—Plaintiff's employment was terminated for alleged performance deficiencies. (DE 17 ¶ 36.)

### B. Report and Recommendation

On March 19, 2025, the Magistrate Judge issued a Report recommending denial of Defendant's Motion to Dismiss. (DE 34.) The Report concluded that Plaintiff's termination constituted an adverse employment action and that she had plausibly alleged discriminatory circumstances surrounding that action. (DE 34 at 7.)

With respect to Plaintiff's retaliation claim, the Report found that she had sufficiently alleged engagement in protected activity. Specifically, Plaintiff raised concerns to Vice President Flaherty about the lack of diversity in executive leadership, her belief that she and two predecessors had been subjected to race-based mistreatment, and reported racially motivated behavior by Hoyt to Human Resources on November 6 and 13, 2023. The Report held that these facts were sufficient to establish a causal connection and support a prima facie retaliation claim. (DE 34 at 8) (citing DE 17 ¶ 24.)

Regarding Plaintiff's hostile work environment claim, the Report found that Hoyt's repeated statements—made in front of other employees—that Plaintiff could

3

not be trusted with money because of her race, combined with other racially charged remarks, sufficiently alleged a pervasively hostile work environment. (DE 34 at 10.) No objections to the Report were filed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 34) and incorporates it herein by reference.

It is, therefore, ORDERED that Defendant's Motion to Dismiss (DE 25) is DENIED.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 27, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.